IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| GARMONYU MOSES, | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-10-1809 |
| COWAN DISTRIB. SERVS., INC., | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's motion to file an amended complaint. (ECF No. 43.) The matter has been briefed (ECF Nos. 44, 47), and no hearing is necessary, Local Rule 105.6. The motion will be denied.

Plaintiff Garmonyu Moses filed a *pro se* complaint against Defendants on July 6, 2010, alleging employment discrimination based on race, color, and national origin in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* (Compl., ECF No. 1.) Moses alleged his employment as a truck driver was terminated on March 23, 2009, after he ran out of fuel, that other black drivers had also been terminated for running out of fuel and had been replaced by white drivers, and that black drivers had been laid off but not white drivers. (*Id.*) He alleged Defendants responded to his appeal after denial of unemployment benefits by saying Moses had run out of fuel and worked too many hours; Moses claimed Defendants had told him it was "ok" to work those hours. (*Id.*)

Plaintiff's case languished for several months because he was unaware he was responsible for effectuating service on Defendants after he had paid the filing fee. (ECF No. 7.) He then completed service in January and February of 2011. Defendant Cowan Distribution

Services, Incorporated, filed its answer (ECF No. 11), and Defendant Joe Cowan filed a motion to dismiss (ECF No. 12). After Moses received an extension of time to respond to the motion (ECF No. 15), counsel Charles Holman, Esquire, entered an appearance on Moses's behalf (ECF No. 20) and filed written consent by Defendants for Plaintiff to file an amended complaint (ECF No. 17), which was duly filed March 28, 2011 (ECF No. 18). The amended complaint added 42 U.S.C. § 1981 as another statutory basis for Moses's complaint of employment discrimination; it also mooted Joe Cowan's motion to dismiss because the amended complaint only named Cowan Distribution Services as a defendant. (ECF No. 18.)

A scheduling order was entered on May 5, 2011, establishing May 31, 2011, as the deadline for motions for amendment of pleadings. (ECF No. 28.) On May 31, Moses filed a motion to amend the amended complaint to add Cowan Systems, LLC, as a defendant because of confusion created by that entity and Cowan Distribution Services as to the identity of Moses's employer. (ECF No. 31.) That unopposed motion was granted (ECF No. 32), and the second amended complaint was filed on July 7, 2011 (ECF No. 33), only differing from the amended complaint by adding the second Cowan entity as a defendant.

Two extensions of time were granted in response to consent motions. (ECF Nos. 34, 35, 38, 39.) These resulted in the discovery deadline being moved to January 28, 2012, and the deadline for dispositive pretrial motions being moved to March 23, 2012. On December 16, 2011, Defendants filed an unopposed motion to amend the answer to ensure that it applied to both Cowan entities (ECF No. 40), which the Court granted (ECF No. 42). On December 27, 2011, Philip B. Zipin, Esquire, entered his appearance on Plaintiff's behalf, and Mr. Holman's representation was terminated two days later. (ECF No. 41.)

On January 12, 2012, Plaintiff's new counsel filed a motion for leave to file an amended complaint, seeking to add three causes of action under Maryland law: (1) failure to pay for

2

pre-trip inspection time, in violation of the Maryland Wage Payment and Collection Law ("MWPCL"); (2) failure to pay accrued and unused vacation pay upon termination, also in violation of MWPCL; and (3) wrongful discharge in violation of Maryland public policy, for termination in retaliation for Plaintiff's complaints that Defendants were requiring him to drive more than the 70 hours per week permitted by federal law.  (ECF No. 43.)  Plaintiff asserted the motion was filed after new counsel, Mr. Zipin, reviewed the file and determined Moses had additional causes of action against Defendants.  (Mot. Supp. Mem. 1.)  He relied upon Federal Rule of Civil Procedure 15(a)(2), which provides, "The court should freely give leave [to amend] when justice so requires."  (Supp. Mem. 2.)

Defendants oppose the motion because Moses does not present good cause for modifying the scheduling order's long-past deadline for motions to amend pleadings and because amendment to allow Moses's new claims would be futile.  (Defs.' Opp. 2-5, ECF No. 44.)  Plaintiff's reply ignores the "good cause" standard and continues to focus on the Rule 15(a)(2) standard.  (ECF No. 47.)

A motion for leave to amend pleadings filed past the deadline established by the scheduling order for such motions can only be successful if it meets both the Rule 16(b)(4) "good cause" standard for modification of a scheduling order as well as the Rule 15(a)(2) standard for leave to amend.  *See Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298-99 (4th Cir. 2008) (noting tension between Rule 15 and Rule 16; not reaching district court's Rule 15(a) finding of futility because it affirmed district court's Rule 16(b) application of "good cause" standard); *Odyssey Travel Center, Inc. v. RO Cruises, Inc.*, 262 F. Supp. 2d 618, 631 (D. Md. 2003) ("once the scheduling order's deadline for amendment of the pleadings has passed, a moving party first must satisfy the good cause standard of Rule 16(b); if the moving party satisfies Rule 16(b), the movant then must pass the tests for amendment under [Rule] 15(a)").

As another judge of this Court has stated,

> [T]he Rule 16(b) analysis is less concerned with the substance of the proposed amendment.  Instead, Rule 16(b)'s "good cause" standard focuses on the timeliness of the amendment and the reasons for its tardy submission.  Because a court's scheduling order "'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril,'" *Potomac Electric Power Co. v. Electric Motor Supply, Inc.*, 190 F.R.D. 372, 375-76 (D. Md. 1999), *quoting Gestetner v. Case Equipment Co.*, 108 F.R.D. 138, 141 (D. Me. 1985), a movant must demonstrate that the reasons for the tardiness of his motion justify a departure from the rules set by the court in its scheduling order.
>
> The primary consideration of the Rule 16(b) "good cause" standard is the diligence of the movant.  Lack of diligence and carelessness are "hallmarks of failure to meet the good cause standard." *West Virginia Housing Dev. Fund v. Ocwen Technology Xchange, Inc.*, 200 F.R.D. 564, 567 (S.D.W.Va. 2001).  "[T]he focus of the inquiry is upon the moving party's reasons for seeking modification.  *If that party was not diligent, the inquiry should end.*" *Marcum* [*v. Zimmer*], 163 F.R.D. [250] at 254 (S.D.W.Va. 1995), *quoting Johnson* [*v. Mammoth Recreations, Inc.*], 975 F.2d [604] at 609 [(9th Cir. 1992)].

*Rassoull v. Maximus, Inc.*, 209 F.R.D. 372, 373-74 (D. Md. 2002) (Chasanow, J.).  *See also Potomac Elec. Power Co. v. Elec. Motor Supply, Inc.*, 190 F.R.D. 372 (D. Md. 1999) ("'Properly construed, "good cause" means that scheduling deadlines cannot be met despite a party's diligent efforts.' . . . Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.").

Plaintiff has not supplied the Court with his reasons for waiting until now to seek leave to amend his complaint.  The Court is left to speculate that the second lawyer detected causes of action that escaped the first lawyer.  But Moses is generally bound by the actions of his lawyer, whether or not, in hindsight, a better decision could have been made.  Plaintiff has not shown good cause for modification of the scheduling order.  No need exists to address the Rule 15(a) argument as to futility of amendment alternatively advanced by Defendants.

Accordingly, the motion for leave to amend (ECF No. 43) is DENIED.

DATED this 16th day of February, 2012.

BY THE COURT:

/s/
James K. Bredar
United States District Judge